MICAH D. DAWSON
mdawson@fisherphillips.com
FISHER & PHILLIPS LLP
1125 17TH St., Suite 2400
Denver, CO 80202
Telephone:    (303) 218-3650
Facsimile:    (303) 218-3651

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**GREAT FALLS DIVISION**

BRIE ADAMS,

     V.

nTHRIVE Inc., and NELSON R. LISTON

**NOTICE OF REMOVAL**

Defendant nThrive, Inc., submits this Notice of Removal of Brie Adams, Plaintiff, vs. nThrive Inc., and Nelson R, Liston, filed in the Montana First Judicial District Court, Lewis and Clark County as Case No. DV-2020-1880, on the grounds that this Court has original jurisdiction under 28 U.S.C. §§ 1332 and 1441, *et seq*. Diversity of citizenship exists between Plaintiff and all defendants properly joined and served, and the amount in controversy exceeds $75,000.00.

Fraudulent joinder occurs when a Plaintiff obviously fails to state a cause of action against a defendant according to the settled rules of a state; a fraudulently joined defendant does not defeat diversity jurisdiction. Plaintiff fraudulently joined Defendant Nelson R. Liston to this action. Mr. Liston did not employ Plaintiff, which means that her wrongful termination claim under the Workplace Discrimination in Employment Act does not apply to him.

    1.     This case is properly removed to this Court under 28 U.S.C. § 1441 because

Defendants have satisfied the procedural requirements for removal, and this Court

has subject matter jurisdiction over this action under 28 U.S.C. § 1332.

    2.     On November 12, 2020 Plaintiff Brie Adams filed a complaint ("the Complaint")

captioned Brie Adams v. nThrive, Inc., and Nelson R. Liston, Case No. DV-2020-

1880, in the Montana First Judicial District Court, Lewis and Clark County. *See*

Complaint ("Compl."), Exhibit A. Plaintiff alleges one count of Wrongful

Discharge under § 39-2-204, the Wrongful Discharge from Employment Act.

3.    This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332.

**I.    nThrive satisfies the procedural requirements for removal under 28 U.S.C. § 1441.**

4.    The Montana First Judicial District Court, Lewis and Clark County, is located

within the United States District Court for the District of Montana. See 28 U.S.C.

§ 106. Thus, venue is proper in this Court because it is the "district and division

embracing the place where such action is pending."  28 U.S.C. § 1441 (a).

5.     Defendant nThrive was served with a copy of the Complaint on November 12,

2020. See Exhibit B. As 28 U.S.C. § 1446(a) requires, attached as Exhibits A and

B are copies of the Summonses and Complaint in Case No. DV-2020-1880, which

are all process, pleadings, and orders that have been served upon Defendants in

the removed case.

6.     As 28 U.S.C. § 1446(d) and Local Rule 3.3 require, Defendant is serving a copy

of this Notice of Removal upon counsel for Plaintiff and a copy with the Montana

First Judicial District Court, Lewis and Clark County, Montana.

7.     Removing this action to this Court, nThrive does not waive any defenses,

objections, or motions available to it under state or federal law and it expressly

reserves the right to move for dismissal of Plaintiff's claims under Rule 12 of the

Federal Rules of Civil Procedure.

8.     As this Notices establishes, Plaintiff fraudulently joined Defendant Nelson R.

Liston. Accordingly, he need not consent to this removal. *See Emrich v. Touche*

*Ross & Co.*, 846 F.2d 1190, 1193 at n.1 (9th Cir. 1988).

9.    The Court may consider whether it is "facially apparent" from the allegations of

the Complaint that Plaintiff seeks relief in an amount exceeding $75,000.00,

exclusive of interest and costs to satisfy the jurisdictional amount in controversy requirement. *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (quoting *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

10.   Plaintiff seeks four years of lost wages and fringe benefits.  Plaintiff earned approximately $29,061.00 per year in wages.  Exhibit C, Affidavit. It is facially apparent that Plaintiff seeks damages in excess of $75,000.00, which satisfies the jurisdictional amount in controversy requirement.

**II.   Removal is proper because complete diversity exists between Plaintiff and all properly joined defendants and the Court should disregard the citizenship of the non-diverse Defendant Nelson R. Liston because he was fraudulently joined.**

11.   The Court considers the citizenship of all properly joined parties as of the date of the filing of the original complaint to determine diversity of citizenship.  *Strotek Corp. v. Air Transport Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002); *see* 28 U.S.C. §§ 1332 & 1441.

12.   Conceding that she is a citizen of the State of Montana, Plaintiff alleges in her Complaint that she is a resident of the Montana, residing in Great Falls, Montana. Compl., ¶ 1.

13.   Defendant nThrive, Inc. is, and was at the time Plaintiff commenced this action, a corporation organized under the laws of the state of Delaware with its principal place of business in Alpharetta, Georgia. Ex. C. Defendant nThrive, Inc. is a citizen of Delaware and Georgia for purposes of determining diversity.  28 U.S.C. § 1332(c)(1).

14.   Although Defendant Nelson R. Liston is a citizen of Montana, "fraudulently joined defendants will not defeat removal on diversity grounds." *Ritchie v. Upjohn*, 139 F.3d 1313, 1318 (9th Cir, 1998) (citing *Emrich v. Touche Ross &*

*Co.*, 846 F.2d 1190, 1193 at n. (9th Cir. 1988)); *See, e.g.*, *Wilson Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921).

15.   This action involves "citizens of different states" because Plaintiff is a Montana citizen and nThrive is a citizen of Delaware and Georgia. 28 U.S.C. § 1332(a)(1). No defendant properly joined and served is a citizen of the State of Montana, and removal of this action is proper under 28 U.S.C. § 1441(b).

**III.    Plaintiff's Wrongful Termination claim against Mr. Liston fails because he is not her employer and she does not allege otherwise, making his joined fraudulent.**

16.   Joinder is fraudulent when "the plaintiff fails to state a cause of action against a resident defendant, and failure is obvious according to the settled rules of the state." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1340 (9th Cir. 1987) (citing Moore's Federal Practice (1986) ¶ O.161[2]). To make this determination, a district court may pierce the pleadings and consider summary judgment-type evidence, including declarations and affidavits, in addition to the allegations contained in the plaintiff's complaint. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001) (citing *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995)); *Gillhouse v. Cox*, 2011 WL 3585610 at *2 (D. Mont. Aug. 16, 2011). Defendants that seek removal to federal court are entitled to present the facts showing that the joinder is fraudulent, and the Ninth Circuit expressly allows district courts to consider these facts. *McCabe*, 811 F.2d at 1339 (9th Cir. 1987) (citing *Smith v. Southern Pacific Co.*, 187 F.2d 397 (9th Cir. 1951)); *see Ritchey*, 139 F.3d at 1318.

17.   Plaintiff alleges Wrongful Termination under § 39-2-204 against Mr. Liston, but "[a]ll remedies provided by the Act run against the employer. The Act does not

envision lawsuits against corporate employees, officers or shareholders." *Buck v. Billings Montana Chevrolet, Inc.*, 248 Mont. 276, 287 (1991).

18. Plaintiff does not allege that Mr. Liston employs her, referring to him as "a manager at nThrive," meaning that he is a corporate employee.  Compl., ¶ 1.

19. Plaintiff does not allege that nThrive is Mr. Liston's alter ego.

20. Plaintiff admits that she worked at nThrive.  Compl., ¶ 5.  She refers to herself as an employee of nThrive.  Compl., ¶ 16.

21. In Count I of her Complaint, Plaintiff alleges that only a singular defendant terminated her.  Compl., ¶ 20-23.

22. The Complaints Prayer for Relief only asks for judgment against one defendant.

23. Only one Defendant, nThrive, employs Plaintiff.  Mr. Liston does not.  Ex. C.

24. Removal is proper here: "Because the WDEA does not envision lawsuits against corporate employees, there is no possibility that [plaintiff] could prevail on a WDEA claim against Defendant [Liston]." *Andersch v. Nw. Corp.*, No. CV 10-13-BU-RFC-CSO, 2010 WL 3034606, at *2–3 (D. Mont. June 30, 2010), *report and recommendation adopted sub nom. Andserch v. Nw. Corp.*, No. CV-IO-13-BU-RFC, 2010 WL 3036122 (D. Mont. Aug. 2, 2010) (granting removal of a WDEA claim that fraudulently joined an employee as a defendant).

25. Plaintiff fails to state a claim against Mr. Liston because she does not allege that he is her employer, while admitting that nThrive employs her. Compl., ¶ 16.

26. WHEREFORE, Defendant nThrive, Inc., respectfully removes this action from the Montana First Judicial District Court to the United States District Court for the District of Montana under 28 U.S.C. § 1441.

DATED this 11th day of December 2020.


*s/ Micah D. Dawson*
Micah D. Dawson
Fisher & Phillips LLP
1125 17th St., Suite 2400
Denver, CO 80202
Telephone:  303-218-3650
Fax:  303-218-3651


ATTORNEY FOR nTHRIVE

1

2

**CERTIFICATE OF SERVICE**

3      I, Kelly M. Trease, do herby certify that on the 11th day of December, 2020, a true and exact copy of the foregoing was filed via the Court's CM/ECF filing system and served via e-mail upon:

4

5   County Clerk of District Court, Lewis and Clark County
    228 E. Broadway St., #104
6   Helena, MT 59601
    clerkofcourt@lccountymt.gov
7

8   Brian J. Miller
    MORRISON, SHERWOOD, WILSON, and DEOLA, P.L.L.P.
9   401 North Last Chance Gulch – P.O. Box 557
    Helena, Montnan 59601
10  (406) 442-3261
    bmiller@mswdlaw.com
11  *Counsel for Plaintiff*

12

13                                    *s/ Kelly M. Trease*
                                      For Fisher & Phillips, LLP
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28